LEMMON, Judge
(dissenting).
Violation of a statute gives rise to actionable negligence only when the violation actually produces a risk.[1] If it is assumed *375 for the purpose of this dissenting opinion that Julie was in fact a competent driver, Mrs. Hartman’s violation of the statute produced no risk whatsoever.
Allstate argues in essence that the legislative adoption of R.S. 32:416 established a conclusive and irrebuttable presumption that a child under the age of 15 years is incompetent to drive a car and that this presumption precludes inquiry by the court into the actual competence of the driver. I disagree.
First, Title 32 of the Revised Statutes deals with Motor Vehicles and Traffic Regulations. Chapter I of Title 32 is the Louisiana Highway Regulatory Act, and Chapter II, which contains R.S. 32:416, is the “Driver’s License Law”. For a violation of the provisions of Chapter II, R.S. 32:427 provides a specific penalty of fine or imprisonment.
By adopting the provisions of Chapter II, the legislature has set a minimum age standard for drivers. Courts cannot and should not approve of a parent substituting his judgment of competence for the standards set by the legislature. For this reason courts should rigidly enforce the criminal sanctions provided by the statute for its violation. Therefore, Mrs. Hartman should be subject to possible fine and imprisonment for her violation of the statute. However, she should not be irrebuttably presumed negligent because of this violation, unless the violation in fact produced a risk to the motoring public.
Second, negligence is a determination to be ultimately made by the courts and not by the legislature. The function of the legislature is to set standards of conduct or duty. The function of the courts in civil negligence cases is to determine whether variance from the legislative standards constitutes actionable negligence under the facts and circumstances of each particular case. In Pierre the Supreme Court further stated:
“Criminal statutes are not, in and of themselves, definitive of civil liability. They are, however, guidelines to which a court may resort to establish the proper standard of care for assigning civil liability. Criminal statutes do not set forth the civil rule; it is the court which by analogy must determine whether the statutes can define the rule to be applied in civil cases.” (p. 829)
In my opinion R.S. 32:416 at most establishes a rebuttable presumption which places the burden upon the person who violates the statute to prove that the underage driver was in fact competent and that the act of allowing that child to drive in violation of the statute did not in fact produce any risk or hazard to motorists using the highway. I dissent from the holding in this case that violation of a statute gives rise to actionable negligence, regardless of whether or not that violation actually produces a risk which the statute was designed to protect against.

. In Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1971), the Supreme Court stated:
“Negligence is determined not by the grade or degree of risk created by breach of duty, but by whether in fact there was a risk or hazard.” (p. 831)